UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TYRUS CAMBRE**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 13-5073**

**AMERICAN STANDARD**                                         **SECTION "C" (1)**
**INSURANCE CO. OF WISCONSIN,**
*ET AL*

## ORDER

The Court previously ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 8. Before the Court are memorandum by the parties on this issue. Rec. Docs. 13, 14. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to the state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Association Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*

The Court's order explained that affirmative proof of the amount in controversy should be provided. Rec. Doc. 8. Plaintiff merely states that he has incurred between approximately $9,000.00

1

and $10,000.00 in "past medical specials." Rec. Doc. 13. This does not meet the amount in controversy. Plaintiff cites to treatment from several doctors and two herniated disks and a Lumbar ESI. *Id.* Defendant provides additional documentation of costs, but when the bills provided in exhibit A are totaled, they come no where near meeting the amount in controversy requirement of greater than $75,000.00. Rec. Doc. 14, Exh. A. Although Defendant states that plaintiff has seen several doctors and had a neurosurgical consult, the ultimate diagnosis appears to be a chronic cervical strain and herniated lumbar disk. Rec. Doc. 14 at 6. Defendant notes that plaintiff told the doctor "that he declined definitive care by Dr. Vogel and surgery." *Id.* at 7. Plaintiff did not mention surgery in his memorandum. Rec. Doc. 13. Finally, defendant focuses on the two epidural steroid injections plaintiff has had. Rec. Doc. 14 at 7. The bill provided by Louisiana Pain Specialists, which is presumably for this procedure, comes to a total of $3,718.72. *Id.*, Exh. A.

The Court does not find that the jurisdictional minimum is met. In addition, the court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 26th day of August, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE